UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE DAVILA,

                Plaintiff,

      -against-

SHEENA BLAISE,

                Defendant.

1:24-CV-2655 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Jose Davila, of Brooklyn, Kings County, New York, brings this *pro se* action suing Sheena Blaise, whom he describes as an employee of the New York City Administration for Children's Services ("ACS") who was assigned to a case involving his minor son; Plaintiff describes the case as "a new Brooklyn open ACS case." (ECF 1, at 5.) On April 10, 2024, the Court granted Plaintiff *in forma pauperis* ("IFP") status. (ECF 4.) For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.[1]

## DISCUSSION

      Under the applicable venue provision for Plaintiff's claims, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission must not refer to a minor child's full name; it may only refer to a minor child by using the child's name's initials. Fed. R. Civ. P. 5.2(a)(3). Plaintiff, in his complaint, however, reveals the full name of his minor son. Thus, in light of Rule 5.2(a)(3), and in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to Plaintiff's complaint to a "case participant-only" basis.

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. *See* § 1391(c)(1).

Plaintiff does not allege where Blaise resides. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Plaintiff does seem to allege that the events that are bases for his claims have occurred in Brooklyn, Kings County, New York (ECF 1, at 5), which is within the Eastern District of New York, *see* 28 U.S.C. § 112(c). Thus, the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2).[2]

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice,

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York is appropriate for this action. Plaintiff asserts that the underlying events have occurred in Brooklyn, Kings County, in the Eastern District of New York. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether the abovementioned restriction on public electronic access to Plaintiff's complaint should continue in the transferee court is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 10, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge