UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE DAVILA

          Plaintiff,

    v.

SHEENA BLAISE, ACS Worker,

          Defendant.

24-cv-3702 (NRM) (LB)

**MEMORANDUM AND ORDER**

NINA R. MORRISON, United States District Judge:

*Pro se* Plaintiff Jose Davila filed the instant action in the United States District Court for the Southern District of New York. The Southern District granted Plaintiff's request to proceed *in forma pauperis* ("IFP") on April 10, 2024, Order granting IFP, ECF No. 5, and transferred the action to this Court by Order dated May 10, 2024, Order Transferring Case, ECF No. 6. For the reasons discussed below, the action is dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff brings this action against Defendant Sheena Blaise, an Administration for Children's Services ("ACS") case worker assigned to his son's pending case. Compl. at 4, ECF No. 1. He asserts that the caseworker is not doing "the right job on checking" on his son, *id.* at 2, and is listening to his son's mother more than his son, *id.* at 5. Plaintiff seeks injunctive relief — specifically, to have another ACS worker assigned to his son's case. *Id.* at 6.

1

## STANDARD OF REVIEW

If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court properly dismisses an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A federal court may exercise subject matter jurisdiction if there is either federal question jurisdiction, "which requires a claim 'arising under the Constitution, laws, or treaties of the United States,'" *Barton v. Ne. Transp., Inc.*, No. 21-cv-326, 2022 WL 203593, at *4 (S.D.N.Y. Jan. 24, 2022) (quoting 28 U.S.C. § 1331), or diversity jurisdiction, "which requires diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds 'the sum or value of $75,000, exclusive of interest and costs,'" *id.* (quoting 28 U.S.C. § 1332)).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read the plaintiff's *pro se* complaint liberally, and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## DISCUSSION

A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ.*

*of City of Bridgeport,* 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted); *Moore v. Brooklyn Hosp. Ctr.,* No. 22-cv-04208, 2022 WL 16798230, at *2 (E.D.N.Y. Nov. 8, 2022).  Construing Plaintiff's allegations regarding the ACS caseworker to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), they fail to assert any plausible facts to suggest that Defendant violated the Constitution or federal law.

Diversity of citizenship is also lacking.  Plaintiff resides in New York, Compl. at 2, and there is no allegation that Defendant is a citizen of a different state. Additionally, because Plaintiff does not allege any monetary damages, the complaint does not meet the $75,000 amount in controversy requirement.  The Court further notes that, pursuant to the domestic relations abstention doctrine, a federal court must generally abstain from a proceeding that "calls for [it] to interpret state domestic relations law or 'immerse itself in domestic relations matters.'" *Evans v. Adams*, No. 22-cv-3882, 2024 WL 306240, at *3 (E.D.N.Y. Jan. 26, 2024) (quoting *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 15 (2d Cir. 1990)).

Accordingly, the Court dismisses the case for lack of subject matter jurisdiction.  The Court has considered whether to grant Plaintiff leave to amend the complaint but denies it as it would be futile because there is a "substantive" problem with a suit such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Dyer v. Edwin Gould Foster Care Agency*, No. 19-cv-0531, 2019 WL 442150, at *2 (E.D.N.Y. Feb. 4, 2019) (denying leave to amend because "plaintiff's claims are strictly about state court matters, and amending the complaint

3

would not cure that defect"). However, to the extent Plaintiff seeks legal assistance with the concerns he has raised regarding ACS's actions, Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

## CONCLUSION

Accordingly, it is hereby ordered that the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is directed to enter judgment and mail a copy of this Order and the judgment to Plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ NRM
NINA R. MORRISON
United States District Judge

Dated:   August 15, 2024
         Brooklyn, New York

4